UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGELA C. ROSIN, ) | |
| ) | NO. CV-05-0118-LRS |
| Plaintiff, ) | |
| ) | ORDER GRANTING DEFENDANT'S |
| -vs- ) | MOTION FOR PROTECTIVE ORDER |
| ) | |
| CHEMI-CON MATERIALS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

An expedited telephonic conference was set and held in the above-entitled matter on August 4, 2006 at the request of parties and pursuant to Defendant's Motion for Protective Order Regarding Presence of Adverse Expert At Oral Deposition (Ct. Rec. 36), filed on August 3, 2006; and Defendant's Motion to Shorten Time (Ct. Rec. 33), also filed August 3, 2006.  William Gilbert participated on behalf of Plaintiff; James M. Kalamon participated on behalf of Defendant.  The Court, having reviewed the documents in the file and heard oral argument from counsel, now enters the following order to memorialize, supplement, and incorporate herewith the oral rulings of the court.

Defendant requests a protective court order excluding a non-party, adverse expert, Ms. Salisbury, at oral depositions.  Defendant argues

ORDER . . . - 1

that the Plaintiff suffers no hardship by excluding Ms. Salisbury because the transcript of the deposition is available for review and the expert can be available for consultation during breaks in the deposition. This approach counsel argues will obviate any intimidation or annoyance of the deponents caused by having a non-party present at their depositions. Under the balancing test used for considering a motion for protective order, Defendant concludes that this expert should be excluded from personally attending the depositions.

Plaintiff's counsel, on the other hand, argues that Ms. Salisbury is not an intimidating person and will assist and guide him tremendously based on her expertise in the "complex human resource issues" that predominate in this case. Plaintiff cites to *Jones v. Circle K Stores, Inc.*, 185 F.R.D. 223 (M.D.N.C.1999) and *Gray v. First Winthrop Corp.*, 133 F.R.D. 39 (N.D.Cal.1990) to support her position that the law favors allowing an expert to attend a deposition, unless good cause can be shown to exclude the expert. However, none of the cases cited by Plaintiff is binding authority on this Court. Plaintiff seems to rely heavily on *Circle K Stores* as an "on point case" but it deals only with a court's authority to exclude a party from another party's deposition.

The Court finds that good cause, of necessity, is not an absolute standard and is dependent on the facts and circumstances of each case. In the matter at issue, Plaintiff earnestly argues that the presence of her expert is necessary to obtain advice and guidance to assure full discovery on personnel practices and issues related to the past activities of the deponent. However, no showing has been made suggesting that this type of preparation is precluded by the absence of the expert

at the deposition. The questions likely to be asked are those normally asked by an attorney in any discovery deposition. Stated differently, this deposition does not appear to involve scientific or technical areas where assistance may be essential in order to frame appropriate inquiries.

Defense counsel points to Federal Rules of Evidence 615 and argues that the nature of this litigation is intense. The Court, too, notes the intensity of the emotional issues present in this case as well as the opportunity for unnecessary conflict and witness discomfort. Under the circumstances, the equities weigh in favor of the defendant.

The Court finds good cause to exclude this expert from the depositions to be taken. Ms. Salisbury will be permitted to be available within reason, i.e., in person at breaks, or by telephone at breaks, so long as such presence does not unduly impede the deposition process. According, the Court exercises its discretionary authority under Fed.R.Civ.P. 26(c) and grants defendant's motion for protective order excluding Ms. Salisbury from depositions.

**IT IS ORDERED**:

1. Defendant's Motion for Protective Order Regarding Presence of Adverse Expert At Oral Deposition, Ct. Rec. 36, filed on August 3, 2006, is **GRANTED**.

2. Defendant's Motion to Shorten Time, Ct. Rec. 33, filed August 3, 2006 is **GRANTED**.

///
///
///

ORDER . . . - 3

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 7th day of August, 2006.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER . . . - 4